# EXHIBIT B
# 6:21-CV-00948

Filed 8/3/2021 3:24 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace, Deputy

**COPY**

CAUSE NO. 21DCV326510

| | | |
|---|---|---|
| ROSA CULP<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | 169th Judicial District |
| WALMART INC.<br>*Defendant* | §<br>§<br>§ | BELL COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, ROSA CULP (hereinafter "Plaintiff"), complaining of and about WALMART INC. (hereinafter "Defendant") and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Level II as set forth by Texas Rule of Civil Procedure 190.3.

### II. PARTIES AND SERVICE

2. Plaintiff is an Individual whose address is 806 Saratoga Drive, Apartment A, Temple, Texas 76504. The last three digits of her social security number are 493. The last three digits of her driver license number are 665.

3. Defendant is a foreign for-profit corporation registered and doing business in the state of Texas. Defendant may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. Plaintiff seeks only monetary relief over $1,000,000.

6. This court has jurisdiction over the parties under Section 17.042(2) of the Texas

Civil Practice and Remedies Code because Defendant committed a tort in whole or in part in this state. This court has jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. Moreover, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Venue in Bell County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

8. On July 6, 2020, Plaintiff was an invitee on Defendant's premises Walmart Supercenter located at 6801 West Adams Avenue, Temple, Texas 76502 when Plaintiff slipped and fell.

9. As a direct and proximate cause of Defendant's conduct, Plaintiff sustained significant injuries requiring medical treatment.

## V. NEGLIGENCE

10. Defendant owed Plaintiff a duty to use ordinary care to keep its premises in a reasonably safe condition.

11. On July 6, 2020, Defendant breached its duty to Plaintiff by allowing its floor to remain in an unreasonably safe condition. At said time and place, Plaintiff fell when Defendant maintained a dangerous condition with actual or constructive knowledge that Defendant's floor was dangerously maintained and Defendant allowed said condition to be present without warning the Plaintiff of the presence of the danger.

12.  As a direct and proximate cause of Defendant's conduct, Plaintiff sustained significant injuries requiring medical treatment. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

(a) Negligently failed to exercise ordinary care.

(b) Negligently failed to cure a known danger.

(c) Negligently failed to warn Plaintiff of said known danger.

(d) Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

## VI. DAMAGES FOR PLAINTIFF

13.  As a direct and proximate result of Defendant's actions, constituting the basis of this lawsuit, Plaintiff was caused to suffer serious bodily injuries, and to incur the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Bell County, Texas;

- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- C. Physical pain and suffering in the past;

- D. Physical pain and suffering in the future;

- E. Loss of earnings in the past;

- F. Loss of earning capacity which will, in all probability, be incurred in the future;

- G. Loss of Household Services in the past;

  H. Loss of Household Services in the future;

  I. Mental anguish in the past; and

  J. Mental anguish in the future.

## VII. DEMAND FOR TRIAL BY JURY

14. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII. PRAYER

**WHEREFORE**, premises considered, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

SLOCUMB LAW FIRM, PLLC

*/s/Tim C. Schurmann*
Tim C. Schurmann
Texas State Bar No. 24081276
1910 Pacific Avenue, Suite 15700
Dallas, Texas 75201
P) 469.270.8585
F) 888.853.2247
Email: tschurmann@slocumblaw.com
*Attorney for Plaintiff*

Plaintiff's Original Petition 4